No. 35,698

THE STATE OF KANSAS, ex rel. HAROLD A. WAYMAN, County Attorney, *Appellee,* v. ANNA LONDREY JOHNSON, *Appellant.*

(131 P. 2d 660)

Opinion filed December 12, 1942.

*Jay W. Scovel,* of Independence, argued the cause, and *Fred W. Byrd,* of Hollywood, Calif., was on the briefs for the appellant.

*H. Lloyd Ericsson,* assistant attorney general, argued the cause, and *Wallace W. Carpenter;* county attorney, and *Theo. F. Varner,* of Independence, were on the briefs for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This was an action brought by the state of Kansas on the relation of the county attorney of Montgomery county to oust the defendant Anna Londrey Johnson from the practice of cosme-

tology in the state of Kansas. The defendant filed an answer denying the allegations of the petition. The case was tried upon an agreed statement of facts and judgment was entered permanently enjoining and restraining defendant from the practice of cosmetology within the state. The appeal is from the judgment so entered.

It was agreed that defendant is not a licensed cosmetologist. The sole question is whether the business conducted by defendant, as set forth in the agreed statement of facts, constitutes the practice of cosmetology as defined in the statute.

Our statute G. S. 1935, 65-1901, provides:

"It shall be unlawful for any person to follow the occupation of cosmetologist as hereinafter defined and to conduct schools teaching such occupation in this state unless he shall have first obtained a certificate of registration as provided for in this act: *Provided,* That none of the provisions of this act shall apply to persons authorized under the laws of this state to practice medicine, surgery, osteopathy, chiropractic, nursing or dentistry while engaged in their usual and ordinary vocations."

Our statute G. S. 1935, 65-1902, provides:

"The occupations of cosmetologist and apprentice, as applied in this act, shall be defined as follows, to wit: (a) For the purpose of this act, the term cosmetologist shall be designated as the occupation which includes the practice known as 'hair dresser,' 'beauty culturist,' 'cosmetician,' and 'manicurist.' 'Cosmetologist' is a person who, for compensation, by any means or manner, arranges, dresses, curls, waves, singes, cleanses, dyes and bobs the hair, massages, cleanses, stimulates, manipulates or performs similar work on the scalp, face, neck, arms, hands, bust or upper part of the body with the hands or mechanical or electrical appliances, and makes use of cosmetic preparations, antiseptics, lotions, creams or other preparations in such practices; manicuring the nails of the hands or removing superfluous hair from the face or any part of the body, or other beautifying process on any person. . . ."

The agreed statement of facts upon which the case was tried reads as follows:

"It is hereby stipulated and agreed by and between the plaintiff and the defendant that the court may consider the material facts in this case to be as follows:

"1. That the relator is the duly elected, qualified and acting county attorney of Montgomery county, Kansas, and that he maintains this suit in his official capacity.

"2. That the defendant, Anna Londrey Johnson, is engaged in the business in the city of Independence, Montgomery county, Kansas, and that her business is carried on under the trade name of the 'Merle Norman Studio, Cosmetics.'

"3. That the defendant, Anna Londrey Johnson, is not licensed to practice cosmetology by the Kansas State Board of Examination and Registration of

Cosmetology and is not possessed of the requirements specified by G. S. 65-1901 *et seq.* necessary to obtain a license to practice cosmetology within the state of Kansas; but the defendant has had special training in the Merle Norman system of selling cosmetics through demonstration.

"4. That the defendant operates her place of business as the 'Merle Norman Studio, Cosmetics' under substantially the following plan:

"The place of business consists of two rooms in an office building in the business district of the city of Independence. Upon the roster of tenants in the building, and upon the door of the business, are maintained signs reading, 'Merle Norman Studio, Cosmetics.' The public generally is invited to enter the studio. In the entrance room are maintained cosmetics for sale in their original packages of different types, for different uses. That the line of cosmetics carried by the defendant in her studio is the complete line of cosmetics as is produced and offered for sale by the Merle Norman Studios, including cold creams, and other preparations of a like nature, including powders, rouge, hand lotion, lip stick, hair oil, used in the care of the face, skin and hair.

"That as a part of the sales talk for selling the cosmetic preparations the defendant advises the prospective purchaser that the line of cosmetics sold by her differs greatly from other cosmetics and should be applied according to special instructions in order to render their use effective and satisfactory.

"5. That the defendant causes the purchaser to be seated in a chair where the defendant applies to the face and neck of the purchaser certain cold creams, skin lotions, powder, rouge, and other cosmetics. At the same time this application is made, the defendant describes the method of using each cosmetic preparation. That the cosmetics used by the defendant in giving demonstrations are obtained from bulk, and not from the unbroken packages offered for sale in the studio. The contents are identical.

"6. That after the application of the cosmetics and the demonstration as above described it is by the defendant, or her assistants, suggested to the customer that they return again to the studio for additional instruction in order that the defendant and the customer may determine whether or not the customer properly understands the use of Merle Norman Cosmetics as home treatment preparations in order that the customer may derive the full benefit therefrom.

"7. That the defendant makes no demand upon and receives no direct payment from the prospective purchaser for the application and treatment above described. The application given by the defendant will be given whether merchandise is purchased or not.

"8. That the price of the cosmetics sold in the studio is established by the manufacturer generally and is the same whether a demonstration is given by the defendant or not.

"9. That the defendant will also make demonstrations of such other cosmetic preparations sold by her, the nature of such demonstration is dependent upon the purpose and nature of such cosmetic preparations that is then being sold by the defendant.

"10. The retail sales price of the original packages of cosmetics is established by the manufacturer and is in excess of the wholesale price paid by the defendant therefor and the only compensation received by the defendant is

derived from that source. The manufacturer furnishes, without cost to the defendant, the bulk materials used in the demonstration and application.

· "11. That the manufacturer of the cosmetics sold in 'Merle Norman Studios' elsewhere within the state of Kansas and other states follows the same plan of operation as that used by the defendant.

"12. That the plaintiff contends that the defendant is engaged in the practice of cosmetology in violation of G. S. 65-1901, *et seq.* The defendant contends that she is not violating the provisions of G. S. 65-1901 *et seq.* but is engaged solely in the sale and distribution of merchandise."

The sole question presented is whether the business conducted by defendant constitutes the practice of cosmetology as defined by the statute.

The statute defines the cosmetologist as a person who for compensation by any means or manner, arranges, dresses, curls, waves, singes, cleans, dyes and bobs the hair, massages, cleanses, stimulates, manipulates or performs similar work on the scalp, face, neck, arms, hands, bust or upper part of the body with the hands or mechanical or electrical appliances and makes use of cosmetic preparations, antiseptics, lotions, creams or other preparations in such practice; manicures the nails of the hands or removes superfluous hair from the face or other part of the body or other beautifying process, on any person; those manicuring the nails only, being defined as manicurists.

From a study of the statute it is clear the purpose of the statute was to define and regulate the practice of cosmetology, not to forbid or regulate the sale of cosmetics. In the practice of cosmetology the use of cosmetics is incidental to the performance of the service rendered. Under the agreed statement of facts the chief business of the defendant was the sale of cosmetics and the demonstrations were merely incidental to the sale of the merchandise. In the practice of cosmetology the operator has much to do with the care, training and treatment of the hair. It is not claimed the defendant made any demonstrations as a hairdresser or engaged in the care or treatment of the hair of customers. Defendant makes no charge for the service rendered her prospective purchasers. The price of the cosmetics sold in defendant's studio is established by the manufacturer generally and is the same price whether the demonstration is given by the defendant or not.

The statute, G. S. 1935, 65-1903, provides for registered cosmetologist schools and specifies the training and practice required to be-

come a registered operator. The evident purpose of the statute is to exclude the unfit from the practice of the art of the cosmetologist—not to place restrictions on the sale of cosmetics.

Under the agreed statement of facts we do not think the defendant was engaged in the practice of cosmetology as defined in the statute. The judgment is reversed.

Hoch, J. (dissenting): I cannot agree with the majority view. It seems to me that the situation here disclosed plainly represents a method of evading, of circumventing the statute. The defendant maintains a studio, with attendants, and evidently equipped for the purpose of giving complete "demonstrations" of the use of many kinds of cosmetics for the care and beautifying of face, skin and hair. After the application of the cosmetics and the "demonstrations" the customer is asked to return to the studio for "additional instruction." But the charge, it is said, is only for the cosmetics and nothing is charged for the "demonstrations." We are asked to believe that the studio—two rooms in an office building in the business district of the city—the equipment, the attendants, the unlimited "demonstrations" are all provided without cost to the customers—simply to promote the sale of cosmetics at a usual and fair retail price. My credulity balks. We are unrealistic, in my opinion, when we fail to look through the superficial facts to the real substance of the project. Any question of public policy involved in the statute regulating the practice of cosmetology is no concern of ours—that is a legislative function. To permit the defendant to furnish, substantially, the services of a cosmetologist without complying with the law is, in my opinion, not only unfair to cosmetologists who have qualified under the law and subjected themselves to its charges and regulations, but will result, however unintentionally, in undermining the law itself.